UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RICHARD ORVILLE TORP,

        Plaintiff,

        v.

UNITED STATES OFFICE OF
MANAGEMENT AND BUDGET, et al.,

        Defendants.

_____/

Case No.   1:24-cv-00077

Hon.  Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses a motion to dismiss filed by Defendant Tim Nusraty.   (ECF No. 5.)   Plaintiff has not filed a response.

Pro se Plaintiff Richard Orville Torp filed his unverified complaint against the United States Office of Management and Budget, and Freedom of Information Officer Tim Nusraty for alleged violations under the Freedom of Information Act (FOIA) , 5 U.S.C. § 552(a)(4)(B).   (ECF No. 1.)   Torp says that he made a FOIA request to Defendants but he never received a response.

Defendant Nusraty moves to dismiss the complaint against him because FOIA does not provide for lawsuits against individuals. It is respectfully recommended that the Court grant Defendant Nusraty's motion and dismiss him from this case.

### II.  Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   To survive a

Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).    Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Essentially, Defendant Nusraty moves for dismissal under Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction.    Rule 12(b) provides that: "Every

defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.   But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1).   As the plaintiff in this case, Torp bears the burden of establishing that this Court has jurisdiction. *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

Plaintiff is proceeding *pro se*.   As such, his pleadings are subject to less stringent standards than those prepared by attorneys.   *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

### III. Analysis

Torp argues that he is entitled to dismissal from this lawsuit because a FOIA claim may only be made against an agency and not against an individual.   Torp is correct. 5 U.S.C. § 552(a)(4)(B) provides in part that:

> (B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

Agency is defined in 5 U.S.C. § 552(f)(1).   That section provides:

> (f) For purposes of this section, the term—
>
> (1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

The federal courts have interpreted the FOIA statute as allowing suits against agencies only, and not against individuals.   *Harper v. Mastroianni*, 2017 WL 32172, *2 (6th Cir., March 23, 2017); *see also Flaherty v. I.R.S.*, 468 F. App'x 8, 9 (D.C. Cir. 2012) ("The district court properly dismissed the individual defendants from the case and substituted the Internal Revenue Service as the sole defendant, because the Freedom of Information Act only authorizes suits against certain executive branch 'agencies,' not individuals.")

In the opinion of the undersigned, Torp has failed to state a plausible claim for relief against Defendant Nusraty because the FOIA statute applies only to agencies and not to individuals.   For this reason, Defendant Nusraty is entitled to dismissal for lack of subject matter jurisdiction.

### IV.  Recommendation

Accordingly, it is recommended that the Court grant Defendant Nusraty's motion to dismiss and dismiss him from this case.   If the Court accepts this recommendation, Defendant United States Office of Management and Budget shall remain as the sole Defendant.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    November 8, 2024                    /s/ *Maarten Vermaat*
                                              MAARTEN VERMAAT
                                              U.S. MAGISTRATE JUDGE