UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD ORVILLE TORP,<br>　　　　　　　　Plaintiff,<br><br>-v-<br><br>UNITED STATES OFFICE OF MANAGEMENT<br>AND BUDGET,<br>　　　　　　　　Defendant. | No. 1:24-cv-77<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

　　Plaintiff Richard Torp sent a Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB).  When he did not receive the requested documents, he sued OMB three months later.  Plaintiff proceeds without the benefit of counsel.  Plaintiff filed a motion for order to provide relief (ECF No. 30).  Defendant filed a motion for summary judgment (ECF No. 34).  The Magistrate Judge issued a report recommending this court grant Defendant's motion and deny Plaintiff's motion (ECF No. 51).  Plaintiff filed objections.  The court will adopt the report and recommendation.

　　After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge recommends granting OMB's motion for summary judgment. Plaintiff sent his FOIA request to OMB in October 2023. He asked for "the most recent / last (4) completed 83-1 forms submitted to OMB for OMB number 1545-0074" (ECF No. 1-1 PageID.7). On November 19, 2024, by email, OMB provided Plaintiff three of the four most recent 83-I forms and explained that the fourth document had been destroyed based on records retention schedules. Defendant argues it has produced the requested documents and asks that the suit be dismissed as moot.

Torp contends his request should be interpreted as asking for not just the form itself, but the package of supporting information submitted with the form. The Magistrate Judge disagreed. Torp objects. He argues that the statutes, regulations and form instructions do not make a distinction between the form and the package of documents.

The court overrules Plaintiff's objection. Torp received exactly what he requested, the 83-I forms. Torp did not request the package of information filed with the forms. Torp has not identified any statute or regulation in the relevant context suggesting that the word "form" should be interpreted to include all supporting documentation. OMB made a reasonable interpretation of Plaintiff's request. While Torp may disagree with that interpretation, the court does not. And the court does not find that Torp has created a genuine dispute of material fact that would require drawing an inference in his favor. As the Magistrate Judge correctly points out, Torp "is free to submit a new FOIA request."

The Magistrate Judge also recommends denying Torp's request for document production and for litigation costs. To the extent Torp does object to this recommendation, he merely repeats the arguments advanced in his motion for an order, which does not

constitute a proper objection. The Magistrate Judge found that Torp has not argued that his lawsuit caused the OMB to produce the forms such that he substantially prevailed. The court overrules any objection to this portion of the R&R.

This court notes the difficulty OMB had in locating the requested documents, which are summarized in the affidavit attached to its motion for summary judgment (ECF No. 35-1 Walsh Aff.). The documents were in longer-term storage at off-site facilities and archived using box lists. An attorney from the Office of General Counsel had to visit a records facility in Pennsylvania to manually review record transfers for 98 boxes. The attorney then searched two of the boxes page by page. The attorney also had to visit a records center in Maryland to review another five boxes of records. The difficulty in locating the forms provides an explanation for OMB's delay and weighs against the inference that Torp's lawsuit bore a causal relationship to OMB's production of the forms.

For these reasons, the court **ADOPTS** the report and recommendation (ECF No. 51). The court **GRANTS** Defendant's motion for summary judgment (ECF No. 34). The court **DENIES** Plaintiff's motion for an order for relief (ECF No. 30). **IT IS SO ORDERED.**

Date:  July 31, 2025                                    /s/  Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge